IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| COLORADO CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 06-0167-CV-W-SOW |
| AMY SUE JAMES and BRIAN MANNSCHRECK, | ) ) ) ) | |
| Defendants. | ) | |

ORDER

Before the Court are Defendant Mannschreck's Motion to Dismiss or, in the Alternative, to Stay Plaintiff's Action and Suggestions in Support (Doc. # 3) and Defendant James' Motion to Dismiss (Doc. # 9). Defendants' briefs in this case are practically identical. Therefore, the Court's discussion will apply to both defendants.

I. Background

In or about October 1999, plaintiff Colorado Casualty Insurance Company ("Colorado Casualty") issued an insurance policy to Quality Window Cleaning, Inc. As the executive officer, director, and shareholder of Quality Window, defendant Brian Mannschreck ("Mannschreck") was an "insured" under the provisions of the policy.

On or about July 15, 2002, defendant Amy Sue James ("James") along with Mercedes Nicole James, Michaela Marie James, James Petitt and James Garrett, instituted an action for wrongful death against defendant Mannschreck, as well as Research Medical Center and Sodexho. Thereafter, defendant Mannschreck tendered the defense of the claims to Colorado Casualty. Colorado Casualty refused to provide a defense.

Apparently plaintiffs in the state wrongful death action offered to settle with Mannschreck for the limits of his coverage with Colorado Casualty. Defendant Mannschreck demanded that Colorado Casualty pay its limits to plaintiffs and protect his interests and obtain release. These demands were not accepted. Colorado Casualty did offer a defense under Reservation of Rights which was refused by defendant Mannschreck.

On January 11, 2006, judgment was entered against defendant Mannschreck in the underlying action in the amount of $7.25 million. Colorado Casualty has refused to pay all or any portion of the judgment amount.

On or about January 17, 2006, defendant Mannschreck instituted an action in the Circuit Court of Jackson County, Missouri against Colorado Casualty for declaratory judgment and bad faith refusal to defend and settle the underlying action, adding plaintiff James along with Mercedes Nicole James and Michaela Marie James as necessary, interested parties. Defendant Mannschreck instituted alternative claims against Timothy Presko, Colorado Casualty's agent, for negligence and breach of fiduciary duties.

Subsequent to the filing of the state court declaratory action, on or about March 8, 2006, plaintiff Colorado Casualty filed the present declaratory judgment action in federal court naming as defendants Mannschreck and James. Colorado Casualty seeks a declaration that it has no obligation to defend or indemnify Mannschreck or to pay any judgment entered in favor of defendant James against Mannschreck in the underlying litigation.

Pending before the Court are the motions of Mannschreck and James to dismiss the instant declaratory judgment action. For the reasons stated below, both motions are granted and the case is dismissed.

II. Discussion

Declaratory judgment actions are brought in federal court pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. The language of the Act itself indicates the discretion given to federal courts to determine the rights involved: "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party . . ." §2201(a) (emphasis added); "further necessary or proper relief based on a declaratory judgment or decree *may* be granted . . ." §2202 (emphasis added).

The United States Supreme Court has noted and affirmed the discretionary nature of the Declaratory Judgment Act and created the doctrine that has come to be known as Brillhart abstention from the 1942 case Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942). The doctrine of abstention has been developed into several forms that allow a federal court to stay proceedings pending proceedings that are ongoing in state court.

In Brillhart, the Court recognized that it would "ordinarily be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Id. at 495. The Supreme Court then set forth a non-exhaustive list of issues the district court should examine in exercising its discretion including: "scope of the pending state court proceeding and the nature of the defenses open there. . . consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." Id. In 1995, the Supreme Court again visited the issue of Brillhart abstention and reaffirmed, finding

3

that "[n]o subsequent case . . . has called into question the application of the Brillhart standard to the Brillhart facts." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995).

In this case, Colorado Casualty argues that the Circuit Court of Jackson County, Missouri has not yet obtained personal jurisdiction over the defendants in Mannschreck's action. Apparently at the time this motion was being briefed, no summons had been issued in Mannschreck's action for declaratory relief in state court. Accordingly, Colorado Casualty asserts that due to the lack of personal jurisdiction over the defendants in the state court action, Brillhart's abstention doctrine does not apply to this Court.

Federal courts are courts of limited jurisdiction. Based on the clear direction given by the Supreme Court as well as the Eighth Circuit in Capitol Indemnity Corp.v. Gerald Haverfield, 218 F.3d 872, 874 (8th Cir. 2000), the Court will dismiss this case. In examining the state court proceedings, the Court finds that the issues in controversy between the parties to this action can be better settled by the state court. The previously filed state court lawsuit for declaratory relief presents the identical legal issues contained in the present suit with this Court. Furthermore, the interpretation of insurance policy is governed by state law. See TNT v. Speed & Sport Ctr., Inc. v. American States Ins. Co., 114 F.3d 731, 732 (8th Cir. 1997). Even Mannschreck's additional claim for bad faith refusal to defend and settle the underlying action and his alternative claims for negligence and breach of fiduciary duties are governed by state law. Therefore, the state court can resolve all of the issues. It is also clear that it would be inefficient to require the litigation of these identical issues in two separate actions.

The state court is in a better position to adjudicate this matter. Colorado Casualty's argument concerning the state court's lack of personal jurisdiction is noted, yet defendant

4

Mannschreck asserts that service of process in the state court action was requested on February 28, 2006 in accordance with applicable statutory authority. Colorado Casualty has not shown that its is not amenable to service of process in the state court proceeding.

### III. Conclusion

Based on the above, it is hereby

ORDERED that Defendant Mannschreck's Motion to Dismiss or, in the Alternative, to Stay Plaintiff's Action and Suggestions in Support (Doc. # 3) is granted. It is further

ORDERED that Defendant James' Motion to Dismiss (Doc. # 9) is granted. This case is dismissed.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: April 19, 2006